# SUPREME JUDICIAL COURT

## FOR THE COUNTIES OF FRANKLIN AND HAMPSHIRE, SEPTEMBER TERM 1862, AT NORTHAMPTON.

##### PRESENT:

Hon. GEORGE T. BIGELOW, Chief Justice.
Hon. CHARLES A. DEWEY,
Hon. THERON METCALF,
Hon. PLINY MERRICK, } Justices.
Hon. REUBEN A. CHAPMAN,

## FRANKLIN COUNTY.

### Charles H. Steel & others vs. George F. Steel.

If it can be gathered from the whole of a deed that it was intended only as security for the performance of a particular duty, it will be considered as a mortgage, although there is no express provision that upon the fulfilment of the condition the deed shall be void.

A mortgagee who has not entered upon and taken possession of the mortgaged premises has no estate which can descend to his heirs.

If it appears by the officer's return that an execution was levied upon the land of an intestate in the hands of his administrator, the levy is valid, although the appraisers misdescribed it as land of the administrator, and their certificate is referred to in the return.

A provision in a deed that the grantor does not convey or intend to convey the premises described until his decease and the decease of his wife, is valid; and the grantee acquires no right to the possession of the premises until after the decease of the grantor and his wife.

Writ of entry. At the trial in the superior court, upon facts which were not in controversy and which are stated in the

opinion, *Morton*, J. ruled that the demandants were not entitled to recover; and, a verdict having been returned for the tenant, reported the case for the determination of this court.

*G. T. Davis & S. O. Lamb*, for the demandants. 1. The deed of Alfred to Levi Steel must be treated as an absolute deed, there being no words providing that in any event it should be void. Shep. Touchstone, 126, 128, 371. *Freeman's Bank* v. *Vose*, 23 Maine, 98. *Abbott* v. *Pike*, 33 Maine, 204. *Leavitt* v. *Lamprey*, 13 Pick. 382. 2. The levy was invalid. It does not appear to have been made on the estate of Alfred Steel, but on that of the administrators. The judgment itself, being upon a note which had been cancelled, was a fraud upon Alfred's estate. 3. The deed of Levi Steel to the demandants conveyed at least a life interest to the demandants, on the re-marriage of Almina. The provision that the time of its taking effect should be postponed is inoperative. Bac. Ab. Grant, I. *Germain* v. *Orchard*, 1 Salk. 346. Com. Dig. Fait, E. 7. *Wallis* v. *Wallis*, 4 Mass. 135. *Brewer* v. *Hardy*, 22 Pick. 376. *Coley* v. *Coley*, 19 Conn. 114. *Jackson* v. *Swart*, 20 Johns. 85.

*D. Aiken*, for the tenant.

MERRICK, J. The demanded premises formerly belonged to Levi Steel, now deceased; and each party to this suit claims to have derived title under, though not directly from, him. He had three children; namely, John and Laura, who survived him, and Alfred, who was the father of the demandants, and who died in his lifetime. The demandants claim to be entitled to recover, either one undivided moiety of the premises in their right as heirs at law of the said Levi, their grandfather, or the entire estate in their right as heirs at law of the said Alfred, their father — the alternative depending upon the construction and effect to be given to certain deeds and conveyances, which are hereinafter particularly referred to and considered. They also claim the premises under a deed from said Levi, directly to themselves.

On the 12th of March, 1827, Levi Steel, by his deed of that date, conveyed one undivided half part of the premises to his son John Steel, who thereupon immediately gave back a lease of the same to the grantor and his wife for the term of their joint

lives, and the life of the survivor. On the 23d of April 1836, the said Levi and the said John by their several deeds, conveyed the right and interest which they severally had in the premises to the said Alfred Steel. The consideration for the conveyance by John Steel was fifteen hundred dollars, for which sum he received the promissory note of said Alfred. By these convey-ances, Alfred Steel became sole owner of the whole estate in fee. But on the same day and at the same time when he took those conveyances, he conveyed the whole estate which he thus acquired to Levi Steel by a deed containing covenants of war-ranty, and also a particular and special proviso. It is upon the meaning and effect of this proviso, that the first question in con-troversy between the parties is found to arise. The proviso is inserted and follows immediately upon the covenants of war-ranty, and is in these words, to wit: " Provided nevertheless, whereas an agreement has this day been entered into by and between myself and the said Levi Steel and Abigail Steel, wife of the said Levi, whereby I the said Alfred have undertaken for a valuable consideration to support the said Levi and Abigail during their natural lives and that of the survivor of them ; and now if I the said Alfred, my heirs, executors and administrators, shall well and truly provide meat, drink, clothing, lodging, fire-wood and lights, and all other things suitable and convenient for them in sickness and in health as long as they the said Levi and Abigail shall live, and that of the survivor of them ; said provisions to be furnished them in the family of me the said Al-fred in my dwelling-house in said Shelburne." The tenant claims that the deed by force of this proviso is to be deemed a mortgage to secure the performance by the said Alfred of the agreement recited in it; but the demandants contend that by reason of the omission of the words " then this deed shall be void," and of all similar words, at the end of the proviso, the deed in its legal effect and operation is an absolute and uncon-ditional conveyance of the premises to Levi Steel in fee.

It seems to be now a well settled rule of law, that any con-veyance of lands intended by the parties making it to be a security for the payment of money, or the performance of some

prescribed act, constitutes a mortgage. 1 Washburn on Real Prop. 479. In *Lanfair* v. *Lanfair*, 18 Pick. 299, the same proposition is affirmed by the court in the concise but plain statement that " if the instrument be made as a security for the payment of a debt or the performance of a duty, it is a mortgage ; " to which is added, that in order to ascertain and carry into effect the intention of the parties an enlarged and liberal view should be taken ; and that the substance and not the form of expression is that which is chiefly to be regarded.

Examined in the application to it of these rules, it appears very plainly that the deed from Alfred to Levi Steel must be deemed and taken to be a mortgage. For although the proviso is inartificially and imperfectly expressed, it is yet impossible to entertain any doubt as to the real meaning and intention of the parties, in the insertion of it in the deed. It clearly imports that the conveyance is made upon a condition upon which the future and continued validity of the deed is to depend ; and therefore it necessarily follows that the parties intended, either that it should be valid and continue in force if the condition should be performed, or that in that contingency it should become inoperative and void. Now it is impossible to suppose that the parties intended that the instrument should operate as a valid and effectual conveyance of the estate if the grantor should afterwards support and maintain the grantee and his wife during their several lives according to the terms of his special agreement therefor, but that if he should fail to do so then the deed should be inoperative and void. Such an assumption would be absurd. And this deed, having been made simultaneously with that of Levi to Alfred Steel, they are both to be considered as parts of one transaction, and are to be construed together. And from both of them thus considered, it appears that the only consideration of the conveyance of the premises by Levi to Alfred Steel was the agreement of the latter to support and maintain the grantor and his wife during their lives respectively. And therefore it becomes certain by an unavoidable implication that the real and only intention of the parties, the one in making, and the other in accepting, the deed, was that it should be

held by the grantee as security for the performance by the grant-or of the special contract embraced and recited in the proviso. This being their intention as manifested in the instrument itself, the deed must be held to be merely a mortgage.

The title to the premises, therefore, was in Alfred Steel, subject to the mortgage to his father, the said Levi Steel. And the latter never having during his life entered upon or taken possession of the estate for breach of the condition of the mortgage, he did not die seised or possessed of it. And the estate, consequently, did not upon his decease descend to his heirs; but the mortgage became and was assets in the hands of his administrator, to be disposed of according to law as personal property. Rev. Sts. *c.* 65, § 11. Gen. Sts. *c.* 96, § 9. This conclusively shows that the demandants cannot maintain their action to recover possession of the premises in their right as heirs at law of their grandfather.

In this state of the title, Alfred Steel in the month of August next succeeding to these transactions died seised of the premises, but subject to a charge upon the estate for the payment of his debts, as well as to said mortgage to Levi Steel, leaving the demandants his heirs at law. Administration upon his estate was not taken out until May, 1843; and afterwards John Steel recovered judgment against his estate in the hands of his administrator at the September term of the supreme judicial court in the year 1844. Execution was duly issued upon that judgment, and was duly levied upon the whole estate in satisfaction thereof. The estate was never redeemed. In 1860 John Steel, who had been uninterruptedly in possession of the premises under that levy of said execution, conveyed the same by his deed to the tenant, under which deed he now claims. And if the levy of the execution was legal, it is admitted that the tenant thereby acquired a good title to the premises, unless Almina Steel and the demandants, by virtue of a deed to her from Levi Steel hereafter to be noticed, had previously acquired a legal title thereto.

The only objection suggested against the validity of this levy of the execution is, that the appraisers in their certificate of

appraisement call or describe the estate appraised the estate of the administrators and not of the intestate, and that the officer by whom the levy was made refers to said certificate and makes it a part of his return. But this objection cannot prevail. For it appears in the return that the officer levied the execution upon the premises as the estate of the intestate, in the hands and possession of the administrators ; thus conforming to the judgment rendered and the directions contained in the execution which issued upon it. The error or mistake of the appraisers in calling or describing the land as the property of the administrators is therefore immaterial, and cannot impair or affect the validity of the levy, since the proceedings of the officer were strictly according to law.

But the demandants contend that if they did not derive title to the premises as heirs at law either of their father or grandfather, they are still entitled to recover possession thereof under a deed of the same from Levi Steel made directly to themselves. And in reference to this claim it appears that soon after the death of said Alfred, namely on the 23d of September 1836, the parties to the said several deeds made as before mentioned on the 26th of April of that year met together, and, in ignorance of their rights and of the effect which would be produced in reference to the title to the estate by a mutilation of those deeds, proceeded to mutilate them by tearing off the names of the several grantors therefrom. They erroneously supposed that by such mutilation the title to the premises would revert to, or be in, the same persons who were owners thereof previously to those conveyances. It is obvious that in this they were entirely mistaken, and that no change of title resulted from such mutilation. This is fully conceded at this time by all the parties to the present suit. But Levi Steel, then supposing himself to be after such mutilation the owner of the premises, made on the same day a deed thereof to the said Almina and the demandants, describing them therein as the widow and heirs of said Alfred.*

---

* This deed, in consideration of one thousand dollars paid by Almina Steel, widow of Alfred Steel, conveyed to " her, the said widow of the said deceased,

Steel & others *v.* Steel.

When this deed was made and executed, the said deeds of **Levi** to Alfred Steel, and of said Alfred to Levi Steel, made on the 26th of April 1836, had not been recorded; and it is conceded by the tenant that the demandants had then had no notice of their existence or of any former conveyance by said Levi. Having procured the said deed of Levi Steel to them to be duly registered, they insist, that it is good against the prior unregistered deed of said Levi to said Alfred, they not having at the time of the conveyance to them any knowledge of the former. The principle thus stated is well established in reference to subsequent purchasers, where a valuable consideration has been paid. In the present case, it does not appear, otherwise than by the recitals in the deed itself, that any consideration was paid by the grantees, the said Almina and the demandants; but it rather appears from the facts stated in the report concerning it that it was a voluntary conveyance, made without any consideration paid. Whether under such circumstances the grantees in a second deed could hold against a former deed made for good consideration paid, may perhaps be considered as doubtful; but the conveyance being, for other reasons, unavailable to the demandants in this action, it becomes unimportant at this time to consider that question.

For the deed of Levi Steel to Almina Steel and the demandants

---

his heirs and assigns forever," one undivided half of the premises described, " to have and to hold the before granted premises with the appurtenances thereto belonging, to her the said Almina, widow as aforesaid, so long as she, the said Almina, shall remain the widow of the said Alfred, deceased, and no longer, then to his, the said Alfred's heirs and assigns, to them and their own proper use, benefit and behoof for evermore." The covenants in the deed were of full warranty and extended to " Almina and the heirs of the said Alfred." A separate paper attached to the deed, opposite to the concluding covenants, without expressing any particular place for its insertion, but simply that " the annexed provision was inserted before the ensealing hereof," contained the following provision: " Provided however that I, the said Levi, do not convey nor intend to convey the above named premises to the said Almina nor to the heirs of the said Alfred, deceased, until my decease, and the decease of my wife Abigail, and that I do hold the above mentioned premises as my own lawful property and estate, to remain my estate during my natural life."

did not convey to them the estate in fee, but to the said Almina an estate only so long as she should remain the widow of said Alfred, and then to the demandants for life only. This is apparent from the consideration, that by the terms of the deed, they were to have and to hold it to them and their use forever, but not to their heirs. But there was in the deed the further and material proviso, that it should not take or have any effect for and during the life of the grantor and the life of his wife Abigail Steel. Whether this provision is to be considered as the reservation of a life estate to the grantor and his wife or as an exception from the conveyance, its effect is in either case to postpone the right of the grantees to have possession of the estate conveyed until after the death of the grantor and his wife. Com. Dig. Fait, 7. It is admitted that the said Almina is no longer the widow of said Alfred, having since become re-married, that the said Levi has deceased, but that Abigail, his said wife, is still living. The time, therefore, has not yet arrived when the demandants are entitled to possession of the estate under said deed of said Levi, whatever may be the rights of the grantees therein, against the grantor, his heirs and assigns under this prior unregistered deed; and therefore they cannot under and by force of the said deed of said Levi to them maintain the present action against the tenant. The conclusion from all these considerations is, that the present action cannot be maintained, and that judgment must be rendered on the verdict for the tenant.